[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14261
Non-Argument Calendar

_____

D. C. Docket No. 95-00439-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY DENNIS DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 22, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

On November 30, 1995, the district court sentenced appellant – on a plea of

guilty to possession of cocaine with intent to distribute – to a prison term of 80 months, to be followed a five-year term of supervised release. Appellant began his supervised release on November 15, 2001. On August 10, 2004, the district court's probation office petitioned the court to issue a summons for appellant because he had violated the conditions of supervised release; among other things, he had possessed and used marijuana and committed child abuse and domestic battery.

On July 21 and 22, 2004, the court held a revocation hearing. Appellant admitted the marijuana allegation, but contested the allegations of child abuse and domestic battery. After hearing evidence regarding those allegations, the court upheld them, revoked appellant's supervised release, and sentenced him to a prison term of 46 months. He now appeals his sentence, contending that it is unreasonable.

That the district court revoked appellant's supervised release on the grounds presented for revocation does not concern us because the evidence fully supported the court's action. What troubles us is that the court, in sentencing appellant at the top of the Guidelines sentence range, neither articulated a reason for its imposition of the prison term nor indicated that it had considered the sentencing objectives set out in 18 U.S.C. § 3553(a). Under these circumstances, we are unable to assess the reasonableness of appellant's sentence.

2

We therefore remand the case with the instruction that the court consult the § 3553(a) objectives and articulate the reason(s) for the sentence it imposed.

VACATED and REMANDED, with instructions.